1

2

3
                    UNITED STATES DISTRICT COURT

4
                    EASTERN DISTRICT OF WASHINGTON

5    GRACON LLC dba GRACON
     ACQUISITION LLC,

6                                               NO. 2:15-CV-00178-JLQ

7                          Plaintiff,           ORDER DENYING MOTION
                                                FOR PROTECTIVE ORDER
8         vs.

9

10   TOSHIBA INTERNATIONAL
     CORPORATION,

11                         Defendant.

12

13        BEFORE THE COURT is the parties' Joint Motion for Entry of Stipulated

14   Protective Order (ECF No. 23), Stipulated Proposed Order (ECF No. 23-1), and Motion

15   to Expedite (ECF No. 24).  The Proposed Order defines "Confidential Information" as

16   including numerous categories of documents, such as "private or confidential health

17   personal information" and "other information with respect to which the producing party

18   otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G)".

19   (ECF No. 23-1, p.2-3).  The Proposed Order appears overbroad on its face, as this a

20   breach of contract action involving a construction project. (See Complaint, ¶ 8)("The

21   scope of work for the Project includes the rehabilitation of ten hydro electric generators

22   and turbines at the Wells Dam.").  It is unclear how personal health care information is

23   relevant to this breach of contract action.

24        It is this court's general policy not to enter 'blanket' protective orders.  The Ninth

25   Circuit also generally does not approve of 'blanket' protective orders. See *Foltz v. State*

26   *Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the

27   district court's blanket protective order because the district court did not require a specific

28   showing as to particular documents).  Rule 26(c) provides that upon a showing of "good

ORDER - 1

cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. No documents have been provided to the court for a determination of whether good cause exists for a protective order.

**IT IS HEREBY ORDERED:**

1. The Motion to Expedite (ECF No. 24) is **GRANTED**.

2. The Motion for Protective Order (ECF No. 23) is **DENIED**.

3. The parties are free to make agreements concerning the conduct of discovery, and apparently have so agreed.  The court will not enter a Protective Order without a particularized showing as to specific documents, however the denial of court participation in the agreement between the parties shall not effect the validity of the agreement as between the parties.  The parties have stipulated to certain terms and conditions to maintain the confidentiality of certain documents.  Should the parties have need to file any of the documents with the court, they may file the documents under seal along with a motion to seal, and at that time the court will determine if it is appropriate to seal the documents.  The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 4th day of April, 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2